IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 03-1059
════════════
 
In re Merrill Lynch Trust 
Company Fsb, Henry Medina, 
and Medina & Medina Group, 
Relators
 
 
════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════
 
 
PER CURIAM
 
Justice Green did not participate in the 
decision.
 
            

After Chris 
Pereyra recovered $2 million in a personal injury 
settlement, she retained Merrill Lynch, Pierce, Fenner 
& Smith Inc. and its employee Henry Medina as her financial advisors. Her 
agreement with Merrill Lynch contained a broad arbitration clause:
 
I agree 
that all controversies which may arise between us, including but not limited to 
those involving any transaction or the construction, performance, or breach of 
this or any other agreement between us, whether entered into prior, on or 
subsequent to the date hereof, shall be determined by arbitration.
 
Among other 
investments, Medina advised Pereyra to set up a trust account and name Merrill Lynch 
Trust Company of Texas as trustee. The sole asset of the trust 
is a variable life policy bought from Merrill Lynch Life Insurance Company. Both 
of these Merrill Lynch affiliates – ML Trust and ML Life – had their own 
contracts with Pereyra, neither of which contained an 
arbitration clause.
In September 
2002, Pereyra initiated an arbitration proceeding 
against Merrill Lynch, Merrill Lynch & Co., Henry Medina, and Medina & Medina 
Group,[1] alleging breach of fiduciary duty, fraud, 
and other claims related to the financial services she received. Pereyra also filed this lawsuit against Medina, Medina & 
Medina, and ML 
Trust asserting several torts as well as violations of the Texas Trust Code and 
Texas Insurance Code. Medina and Merrill Lynch filed a motion to 
compel arbitration and stay litigation. The trial court denied the motion, and 
the court of appeals denied mandamus relief. __ S.W.3d __ (Tex. App.—San Antonio 
2003). 
For the 
reasons stated in an almost identical case, In re Merrill Lynch Trust 
Co., __ S.W.3d__ (Tex. 2007), we hold the 
trial court abused its discretion in refusing to compel arbitration with the 
Medina parties, 
and in refusing to stay the litigation against ML Trust. Accordingly, without 
hearing oral argument, see Tex. 
R. App. P. 52.8(c), we conditionally grant the writ of mandamus and order 
the trial court to vacate its order and enter a new order in accordance with 
this opinion. We are confident the trial court will comply, and our writ will 
issue only if it does not. 
 
 
OPINION 
DELIVERED: August 31, 2007
 
 






[1] 
Merrill Lynch & Co. is the parent company of Defendant Merrill Lynch, 
Pierce, Fenner & Smith, Inc. Medina & Medina is a trade name used by Defendant Henry 
Medina.